**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTWORN MONTRAL FRANKLIN, 1204080,** | ) | |
|      **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-154-L** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
|      **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I.  Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**II.  Statement of the Case**

Petitioner challenges his three convictions for aggravated robbery. *State of Texas v. Antworn Montral Franklin*, Nos. F02-58003-IH, F02-58004-IH and F02-58005-H (Crim. Dist. Ct. No. 1, Dallas County, Tex. Nov. 5, 2003). On November 5, 2003, Petitioner was sentenced to concurrent thirty-five year sentences in each case.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

On February 28, 2005, the Fifth District Court of Appeals affirmed Petitioner's convictions. *Franklin v. State*, Nos. 05-03-01763-CR, 05-03-01764-CR and 05-03-01765-CR, 2005 WL 459091 (Tex. App. – Dallas 2005, pet. dism'd). On August 31, 2005, the Texas Court of Criminal Appeals dismissed Petitioner's petitions for discretionary review as untimely.

On August 23, 2013, Petitioner filed state habeas petitions challenging each of his convictions. *Ex parte Franklin*, Nos. 80,433-01, -02, -03. On November 20, 2013, the Texas Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On August 23, 2006, Petitioner filed two § 2254 petitions challenging disciplinary cases he received while in prison. *See Franklin v. Quarterman*, No. 5:06-CV-189-C (N.D. Tex.) and *Franklin v. Bell*, 5:06-CV-188-C (N.D. Tex.). On September 15, 2006, the district court dismissed the petitions with prejudice.

On January 8, 2014, Petitioner filed the instant petition. He argues:

(1)    He received ineffective assistance of counsel;

(2)    His guilty pleas were not knowingly and voluntarily entered because he falsely believed his juvenile criminal record was inadmissible;

(3)    His prior conviction was void and should not have been used to enhance his current sentences;

(4)    The plea bargain was not fulfilled; and

(5)    The trial court violated his due process rights by admitting his juvenile record into evidence.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        -2-

### III.  Discussion

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition.  "A petition is not second or successive merely because it follows an earlier federal application."  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ."  *Id*. at 836-37.  To determine whether a petition is second or successive, the court analyzes whether the challenge the petitioner presents in a second habeas petition occurred before he filed his first habeas petition.  *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In this case, Petitioner filed his prior § 2254's on August 23, 2006.  At that time, Petitioner's 2003 convictions had become final.  Therefore, in his prior 2006 petitions, he could have raised his current claims challenging his convictions and sentences.  The petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this

Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## RECOMMENDATION:

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be  TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18th  day of February,  2015.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        -4-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).