IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANTWORN MONTRAL FRANKLIN,** **1204080,** §§§§ | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-154-L** |
| § | |
| **WILLIAM STEPHENS, Director, Texas** **Department of Criminal Justice,** **Correctional Institutions Division,** §§§§§ | |
| Respondent. § | |

## ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 5, 2014, recommending that Petitioner's habeas petition be construed as a successive motion and transferred to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") for consideration. The magistrate judge concluded that Petitioner's claims were successive and that the Fifth Circuit has not issued an order authorizing a successive petition.

The court received Petitioner's objections on March 20, 2015. Although the objections were filed late, the court will nonetheless consider Petitioner's objections as if they were timely and will deny as moot Petitioner's motion for extension of time to object. Petitioner's objections assert that he did not receive a copy of the magistrate judge's Report until February 24, 2015. Additionally, Petitioner argues that his earlier habeas petition challenged a disciplinary proceeding whereas his current habeas petition challenges his criminal conviction. A petition is successive, however, if the challenge to Petitioner's conviction could have been raised in an earlier petition, and therefore this

Order – Page 1

portion of Petitioner's objection is unavailing. *See Crone v. Crockwell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

Petitioner also argues that failure to hear his successive petition would result in a miscarriage of justice and that he is actually innocent. Even assuming these exceptions are applicable to Petitioner's action, Petitioner gives no factual basis for the court to apply these exception as to Petitioner's habeas action.

Petitioner concludes his objection by stating: "[T]o sum most of it up, no evidence to support a conviction is a claim that is cognizable on writ of habeas corpus." Pet.'s Obj. 7 (citation omitted). Petitioner's objections are unavailing because they fail to establish that his petition is not successive and that the bases for his petition could not have been raised earlier. Accordingly, the court **overrules** Petitioner's objections.

Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citation omitted). This court is without jurisdiction to entertain this petition because it is successive, and, in such instances, the petition must be transferred to the appellate court for it to determine whether the district court can consider the petition.

After reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the

court. Accordingly, the court **directs** the clerk of the court to **transfer** Petitioner's section 2255 motion to the Fifth Circuit for consideration. Moreover, the court **denies as moot** Petitioner's Motion for Extension of Time to File Objection (Doc. 20), filed March 3, 2015.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**

**It is so ordered** this 31st day of March, 2015.

                                            Sam A. Lindsay
                                            United States District Judge